your voices up when you argue. Thank you. Good morning, Your Honors, and may it please the Court. We would like to reserve five minutes for rebuttal. The Confrontation Clause issue in this case comes down to whether this prior, potentially false, allegation of sexual assault is relevant enough and important enough to the defense to outweigh the state's interest in keeping it out. The Kentucky Supreme Court was objectively unreasonable when they failed to appropriately balance these competing issues, and this is so for three reasons. First, there was sufficient evidence from which a reasonable jury could conclude that the prior allegation was false. Second, the excluded evidence was highly relevant and was essential to Mr. Dennis's defense. And third, the Commonwealth's counterargument is based on an inconsistent or an incorrect reading of this circuit and Supreme Court precedent. In this case, there was sufficient evidence from which a reasonable jury could have concluded that the prior allegation was false. The Kentucky Supreme Court held that this was one where this was an allegation where all you had was the prior allegation, a denial of that allegation, and then an inconclusive investigation. But that is simply not true. The Kentucky Supreme Court itself noted two additional points that are relevant to the likelihood of falsity of this prior allegation. The Kentucky Supreme Court recognized that the child had a lively imagination. In fact, the investigator noted in the report that SJ had bizarre and imaginary comments during the interview. She had made statements including the fact that her sister turned into a ghost at night. The allegations here were simply implausible on their face and included such bizarre statements as this. Finally, the Kentucky Supreme Court noted that the investigator for this prior allegation herself believed that SJ was mistaken in making these allegations. The official investigation concluded by saying that the child's story was inconsistent and fragmented. Note that for our purposes, false can mean not just lying but also being confused or misunderstanding. The point is that the alleged victim in this case made a previous allegation that in all likelihood was not true. Let's assume you're right about all that. Why isn't Boggs dispositive here? And I know you take issue with Boggs in your brief, but it's still a binding precedent of our court. Your Honor, Boggs is a case about when a, about the court being able to limit the extent of cross-examination when it was just repetitive and led to- I don't know that it was repetitive. In fact, the Boggs incident, right, was one month before she made a false allegation. And so it seems to me that's much different than a toddler making a false allegation when they're 5 or 6 and then when they're 11 making a completely different allegation against someone completely different. I mean, that's separated by 6 years. They've lived twice their life at this point. 5-year-olds are much different than 11-year-olds. It seems to go to general credibility. And if it goes to general credibility, it seems to me Boggs is dispositive. I'm sorry for the long question. Yes, Your Honor. I think I have two points to say. I think in Boggs, the facts of that case, the defense was trying to prove that she was unreliable because she had this history of mental health and drug abuse. But I thought, am I wrong that the first, that there was a prior false allegation in Boggs? No, you are correct, Your Honor. Okay. And it was one month before, right? I'm not 100% sure. Okay. Go ahead. I'm sorry. Yes, Your Honor. But the defense was seeking to introduce that false allegation as further proof of the, their overall defense was that she had fabricated it because of the drug abuse and mental illness. And that, the evidence of the prior accusation was just more proof of that, that she was lying about this allegation. So the defense had already had substantial opportunity to call her credibility into question. But isn't that your theory here, that because the toddler made one up, because the child made one up as a toddler, she made one up as a child? Your Honor, Mr. Dennis's theory of defense was that she had fabricated this current allegation at the behest of her older sister. And we thought to introduce the evidence of the previous allegation as evidence of motive or bias, because she had made a similar accusation previously, in fact, two previous allegations, that that should... That was against her sister? Yes. And that's why we think this is even more relevant. And Mr. Dennis should have been allowed to at least ask the question. In the previous allegation, she accused her sister and now that same sister is a cooperating witness for the prosecution. So if Mr. Dennis had at least been allowed to ask the question, either S.J. would have recanted the previous allegation, which we think is likely, because it's just implausible on its face, or because of the testimonial dynamics between S.J. and her older sister, one of their credibility would have been seriously called into question. Is it correct that there was evidence introduced about a prior allegation against her father? Yes, Your Honor. He did ask about a prior allegation and S.J. said it was just a dream. So this just continues the similarity of the previous accusations, in that it goes to the motive or bias that the jury should have been able to have before... Why does it go to motive or bias? I know you argued that in your brief, but I wasn't sure I caught on. Can you explain why it goes... Right, it's not the same person, obviously. Right, Your Honor. So I think the First Circuit's case of White v. Copeland is illustrative at this point. In that case, the First Circuit held that the requirement of proving that a false allegation be demonstrably false before it can be the subject of cross-examination violates the Constitution as applied if three factors are met. First, there has to be a reasonable probability that the prior accusation was false, which we argue is met here. And the present one. And finally, the defendant has to have virtually no other way to defend himself. And the key point that the First Circuit made in that case was that when there are factual similarities between the two accusations, you shouldn't just dismiss it as general credibility evidence. They said it is considerably more powerful than that because it suggests a motive. But here it has to be clear, right? There has to be... I understand you're pointing to a First Circuit case, but what's not clear to me is... I'm just having a hard time disentangling our analysis in Boggs and how we can find it in a post-Boggs world, where we have to assume it's right, that it violates the standards under AEDPA. Does that make sense? Does my question make sense? In other words, it's got to be clear that no reasonable jurist... So I think this Court has already interpreted Boggs in a way that is consistent with what we are arguing in the Basquez opinion, when they held that there's not this hard line between general credibility and bias and motive evidence. So that's how the Basquez... But Boggs said it, right? Can a subsequent decision change our precedent? I think that a panel of this Court is allowed to interpret a previous panel of this Court. Sure, but we can't change a holding, right? And Boggs... Let me read you... I mean, Boggs... I'm going to read it to you because you know it. Boggs says, general credibility, no protection. Bias, motive, protection. That's why you're trying to shoehorn this, which makes perfect sense. It's a great tactical strategy into bias. Yes, Your Honor. If this Court feels that the two holdings conflict with each other, then I would encourage you to consider that and bank. I see that my time is up. I'm into my rebuttal time. Good morning. May it please the Court. Mark Berry, on behalf of the warden, Kevin Mazza. While this case is presented as an issue of state procedural rules that If the Sixth Amendment were completely absolute with no exceptions, this case would be very easily decided, but that's not the case. However, this Court does not need to address this case on the merits because of the clear procedural bar that exists that was recognized by both the Kentucky Supreme Court and the magistrate judge below. Tell me how the Kentucky Supreme Court recognized that. The Supreme Court, in their opinion, on at page 476, they stated that Dennis contends that even if he is not entitled under the Kentucky rules of evidence, he is entitled to do so under the Sixth Amendment's confrontation clause. This argument was not presented to the trial court, and in any event, in light of their previous discussion on the merits, it is patently without merit. And that, in your view, is a holding by the Kentucky Supreme Court relying on procedural default? Yes. They rested their decision on an adequate and independent state ground, which is the Kentucky rules of evidence, KRE 412. And although the Supreme Court went into a long discussion of this case under the Sixth Amendment, if there is an adequate state procedural bar, that is dispositive of the issue. So I may have just missed it, but the only reference to that that I saw is what you just read. I didn't remember the Court saying, and therefore this is barred, or something like that to which we could refer to say, yeah, clearly they rested it on an adequate and independent state ground. And the magistrate judge acknowledged that there was a procedural bar as well. Well, but the magistrate judge was looking at what the Kentucky Supreme Court did. Right. And I'm just trying to figure out how that really qualifies as a procedural bar. In cases where, and the magistrate judge cited to Lambricks versus Singletary, what Lambricks stands for is the proposition that a case can be decided on the merits and a procedural bar. And a court can deny the petition based on either the merits or the procedural bar. But what it does not stand for is the proposition that this court can grant the petition if the procedural bar also exists. And based on what the Kentucky Supreme Court held, that this claim was not raised before the trial court. And therefore, it's not, we're going to analyze it on the merits, but the fact that it was not raised before the trial court means that under the standard of a DEPA, this court cannot reach that issue. As to, and I want to address some points that the petitioner raises as far as the merits, I would agree that Boggs is dispositive of this issue. Is Boggs right? Well, Boggs does, Boggs does acknowledge that Davis makes two distinctions of. Sure, but Davis doesn't say general credibility, no protection. There's no Supreme Court case I can find that says that. And clearly under the original meaning of the Confrontation Clause, that can't be right. So what do we do with that? Well, the fact that there's no Supreme Court case directly on point would mean that any decision that says that the Sixth Amendment right to confrontation is completely absolute with no exceptions. That is clearly, that would be clearly contrary to what the Supreme Court has established. That's not what they're asking for. I mean, what they're asking for is that general credibility, they make a bias argument, but what they're asking for is not unreasonable. That general credibility is encompassed within the Confrontation Clause. It is, but a general, just a general credibility attack to say that someone is a liar is not, has never been. Is it general credibility? I mean, this is, this case deals with children, which makes it a little bit different. And isn't it very relevant to the question, whether this is a child who understands what a sexual assault is, or has trouble distinguishing reality from dreams in this particular context? And while that may be relevant, the issue is, would it be barred under the state rule? And if it's prior evidence of sexual assault, unless it's demonstrably false, then the state rules would prohibit it. The issue is, is that unreasonable? And based on Supreme Court precedent, it's not unreasonable. The Supreme Court has even extended further protections to minors who are victims of sexual assault. And that's one thing to keep in mind in this case. This is a case involving a minor. This isn't an issue of an allegation of sexual assault made by an adult against another adult. This case involves a minor. And the Supreme Court has extended further protections, which may infringe on a defendant's Sixth Amendment right, to minors. For example, in Maryland v. Craig, where they allowed the use of a screen between a testifying It's not what we're talking about here. I mean, we're talking about whether the Confrontation Clause permits the state to say that this type of evidence can't come in. Yeah, the issue is whether it's an unreasonable application. And various restrictions that have been placed on the Sixth Amendment right to confrontation. The issue is whether the state rules would be greater than the restriction on the defendant's right. Nothing in the Supreme Court precedent has held that this is an unreasonable application. And based on what this court has to decide under the ADEPA standard, this is not unreasonable. What was the harm? The harm is that it was, it may not have been a false allegation. What this court's precedents have said is in order to, that the state rule, if it serves the purpose of preventing undue embarrassment, harassment, prejudice to witnesses, it can be restricted on cross-examination. If this prior assault or this prior allegation actually did occur, as the child said it did, what would be more embarrassing to a minor victim of a sexual assault than be confronted with another prior sexual assault that nobody believed? And that's why demonstrably false is an appropriate standard. Because in order to introduce it, it must be shown that it isn't true. And that would be a reasonable limit on confrontation. What else could they have shown? I mean, the allegation included elements that were incredible in and of themselves. And the investigator didn't think it had actually happened? Well, it was, the investigator believed it was unsubstantiated. I don't know that their findings were that it didn't actually happen. And just because, you know, as this would have to show, what would be permissible would be to show bias, in other words, her motive to testify falsely. Not necessarily the false testimony. What's magic? I know the cases refer to it, but why are those elements or those factors magic? And this notion that the witness doesn't understand what a real sexual assault is. Why isn't that protected the same way that bias or motive? Those questions can be, I believe, can be properly adduced on cross-examination without getting into prior false allegations. You could ask a child witness on cross-examination where, what, how this child would define a sexual assault. I don't think you have to get into, you made a prior false allegation, so how do you know what it is? I believe that those can be explored on cross-examination without getting into prior, without getting into prior accusations. Well, this is certainly the strongest and the most persuasive evidence of that. It could be, it could be, but that doesn't necessarily mean that it comes in. There are other ways to show bias too. Yes, there are other ways to show bias. And what the cases that have shown, that have placed, or that the Supreme Court have said this evidence is permissible, goes to show bias. Olden and Davis, for example. How did the other evidence get in? The allegations against the father? I'm not sure if those were introduced at trial or if those came in in the in-camera hearing that the trial court had after the first appeal. I believe some of this came from the, all of it came from the investigator, the CHFS investigator's interview with the child where she had said this was a dream. Okay, I was under the impression that the jury heard evidence about the father. Is that incorrect? I don't, I don't recall if it actually came in in the trial or if it was a matter for the in-camera hearing. And I don't know, it's odd that we don't have a record. The record can be made available. I believe in this case it's all on VHS tape. So it can be made available if the court would like. Again, the Supreme Court has never specifically allowed particular attacks on credibility. It all has to go to bias. What they've established is a general rule that is applied to the specific. They haven't precluded it though either, right? They haven't, I mean, I think where Boggs may go too far is to say general credibility is never protected. You can see that, right? Right. What the court has established is a general rule that is applied to specific facts of the case. For example, in the White case as cited by Petitioner, which was the First Circuit, the facts of the prior accusations were so similar to the present ones that they held that it was a violation of the Sixth Amendment. So when you have a general rule as applied to specific facts, that implies that there is leeway given to the state courts to determine if that general rule applies to the specific facts of the case. And that's what the Kentucky Supreme Court and the District Court have done here. Can you ever have an unreasonable application of this type of rule? I would assume you could. I can't at the moment think of something that would be unreasonable. I mean, if the argument is that the Supreme Court has never gotten that specific about this and that it's a case-by-case issue. So how can you ever have an unreasonable application? I mean, if it would be similar to the Olden case, where you have specific evidence... The what case? The Olden v. Kentucky, where it would be specific evidence of bias if you had a fact scenario that was extremely similar to an existing case. But what has to be... I would think that would be an unreasonable application based on the facts of the case. Based on the facts of this case, this is not an unreasonable application by either the Kentucky Supreme Court or the District Court. With that, thank you. I'd first like to talk with you a little bit about... Judge White, you asked specifically a question about whether there has been finding of an unreasonable interpretation of Supreme Court precedent. And White and Vasquez are actually both examples of cases where there was such a finding. And that's part of the reason why we find White to be such an important case, under its three factors of reasonable probability of a prior accusation, factual similarities between the prior accusations, and the fact that there's virtually no other way for the... How is this similar? So the similarity between the two accusations primarily is that they were both against father figures at a time when there was uncertainty and confusion in a changing household. And just to go a little bit to the timeline that you mentioned, Judge Thapar, the accusation that she made against her father was in 2001. And Dennis actually moved into the home also in 2001. I can't hear the end of your sentences. Oh, I'm sorry. In 2001, SJ moved in with Dennis. That was the same year that she accused her father. And if you consider the timeline of 2006 when she brought the accusations originally against Dennis, she said that the last accusation was in 2015. And the first action against her occurred in four years before that. So we actually have her first accusation against Dennis dates to 2001, which is the same year as the accusation against her father. But did she make it back then? Or she said it happened back then? She said it happened back then. But we believe that this shows that there's sort of a history of whether it's confusion or uncertainty or struggling with dealing with family dynamics. There's, in some way, it points to the father figure in the home presenting a difficulty. We also believe the importance of asking her goes to the question of how her sister would be implicated. Because her original accusation in 2001, she also accused her sister. Her sister, LA, was the Commonwealth's, in a way, star witness in Dennis's trial. How would that affect... How does the fact that she accused her sister back in 2001, when she was how old? Five or six years old. How does that affect the credibility of the later allegation, even if her sister was involved in causing the allegation? I mean, what's the logical inference that makes that fact relevant? So we believe that were SJ to be asked whether she stood by that accusation against her sister, a response either yes or no would give the jury plenty to think about. Would what? Would give the jury plenty to think about and would go toward impeaching the credibility of either SJ or LA. I'm not sure I follow. Why would a response yes or no give the jury plenty to think about? So if she denied the accusation, then we would have the demonstrably false standard met because she would have admitted that the accusation was false. Don't you have to live with her answer? I'm sorry, your honor? Don't you have to live with her answer? I mean, is it error? So if she says no, you live with the answer? If she says no, then that would have been the answer that we... No, I understand, but that's it. So if she says, did your sister... Do you intend to use extrinsic evidence at that point to prove it up? Explain to me the trial strategy. So she gets on the stand, you say, did you accuse your sister of sexual assault? No. Now what do you do? Then you would follow up and ask her, then do you stand by the prior accusation that you made? So you want to get into the prior accusation no matter what happens with that answer. That's correct. Yeah, okay. And if she answered yes... I thought you said one question, so I was just trying to understand. Go ahead. And then if she answered yes, that she stood by the prior accusation, then there would be a question of her relationship with her sister, and then the defense would hopefully have the opportunity to question LA about that accusation. I'd additionally like to discuss... But how does that show that her sister put her up to it? Your Honor, we believe that asking the sister a question of whether she committed this action against SJ would help to undermine her credibility on the stand. Isn't that the side trial that district or trial courts are trying to avoid, that the Supreme Court said perfectly permissible? And shouldn't this worry us with rape shield laws even, that now we're getting into whether some allegation years before is going to be used to essentially dissuade people from testifying about sexual assault? So there is an outer limit to the approach that White would recommend. There's another First Circuit case where the defendant tries to bring in false accusations against him from other members of the family, and we believe that that would be a clear example. I mean, White had a pattern of false accusations that was occurring in the years leading up to the allegation by the same people against multiple people, right? I mean, wasn't there that pattern that's distinguishable here? I recognize you're trying to take this crime and say, hey, this lasted for a long time, so it's kind of a pattern, but really it's not. There are two kind of isolated events, and she doesn't make these allegations until five years later, and the government actually presented corroborating evidence of these allegations. So I mean, they seem materially distinguishable. I think those are important arguments that would be worth a jury considering. I think there's a reasonable back and forth about the importance of that evidence, but we believe that that's something that the jury ought to have the opportunity to consider both sides, whereas the Commonwealth didn't want that conversation to happen. I'd also like to talk a little bit about the procedural bar. The Van Ardel case noted that the independent and adequate state grounds requirement precludes a finding of default when the state's decision rests primarily on or is interwoven with federal law, and the state Supreme Court decision here lacked a plain statement that it was rested on state law grounds. In fact, you look through the Kentucky Supreme Court's decision, and it's chock full of references to and consideration of the confrontation clause, which shows that this really was a the confrontation clause throughout. I see my time is up. If you don't have any further questions, thank you. Thank you all. The case will be submitted.